IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ORTIZ,<br><br>  Petitioner,<br><br>  v.<br><br>C. NOLL, Warden,<br><br>  Respondent. | No. C 09-5995 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent filed an answer with a supporting memorandum and exhibits. Although petitioner was given the opportunity to file a traverse, he has not done so. For the reasons discussed below, the petition is **DENIED**.

## STATEMENT

In 1994, a jury in Los Angeles County Superior Court convicted petitioner of second degree murder. The trial court sentenced him to a term of 15 years to life in state prison. In 2008, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole. Petitioner challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts.

//

**ANALYSIS**

As grounds for federal habeas relief, petitioner claims that the Board violated his federally protected liberty interest in release on parole by denying him parole without any reliable evidence. The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The transcript of the parole hearing makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied (Pet. Exh. A). The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim challenging the sufficiency of the evidence supporting the Board's decision is without merit.

In his second claim, petitioner contends that the Board improperly applied the "some evidence" standard at the initial decision-making level, which petitioner contends is a "lesser" standard of proof than required by the federal constitution. There is no evidence that the Board used this standard, however, so the claim fails.

Petitioner also claims that his constitutional rights were violated by the Board's failure to afford him "individualized consideration" at his parole hearing. He contends that the Board has a "no parole "policy for prisoners serving life sentences. The record shows that the Board reviewed the evidence of petitioner's criminal history, mental health, and prison record extensively and discussed this evidence with petitioner and his attorney (Pet. Exh. A 8-33). The Board's decision sets out the facts it relied upon in finding him not suitable for parole, facts that

were particular to petitioner and the crime he committed (*id.* at 34-40).  These factors tend to negate the accusation of bias, and petitioner has not provided any evidence that would show otherwise.  The state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly-established Supreme Court authority.  *See* 28 U.S.C. 2254(d)(1).

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May  24 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\ORTIZ5995.RUL.wpd